(No. 4086—

SOUTHERN COAL CO., INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 9, 1948.*

J. L. TUCKER OF SOUTHERN COAL CO., INC., Pro Se.

HON. GEORGE F. BARRETT, Attorney General, and ARCHIE L. BERNSTEIN, Assistant Attorney General, for Respondent.

BERGSTROM, J.

On August 24, 1945, the Southern Coal Company, Inc., claimant, and the State of Illinois, respondent, entered into a written agreement whereby claimant agreed to furnish quantities of coal, totalling an estimated 8,750 tons, to respondent for use of Kankakee, Dixon, East

Moline, Elgin, and Manteno State Hospitals, Pontiac Penitentiary, State Farm at Kankakee, Dixon, East Moline, Manteno, Pontiac, and Vandalia, Illinois. It was agreed that respondent pay claimant a certain price F.O.B. mine, per ton of coal plus a stated freight rate, if delivered.

The sole question existing under this agreement, otherwise fully performed, relates to claimant's claim for $138.36 for freight undercharges with respect to a part of the 1,000 tons of coal allocated under the agreement and shipped to claimant between July 25 and September 30, 1946, to the Dixon State Hospital. This sum, paid by the claimant, represents an unknown increase of freight rate over the amount of the freight rate set forth in the original contract as the same was orally amended.

It is not contested that at the time the contract was executed it was contemplated the 1,000 tons of coal allocated to the Dixon State Hospital would be furnished by claimant from a mine at Pana, Illinois. However, due to a subsequent interruption in the operation of this mine, an understanding was reached between the parties that the balance of the coal be shipped from a mine at Coulterville, Illinois. Accordingly, further oral agreement was reached between the parties that the freight rates under the contract be adjusted from $1.70 per ton (Pana) to $1.90 and $1.98 per ton (Coulterville) to allow for the change in distance of shipment. The new freight rates so agreed to were the only rates then known to the claimant and respondent, as well as the railroad on whose line the coal originated. Meanwhile, an unknown increase of freight rate had occurred—Ex Parte 148 increases allowed in Illinois intrastate rates, effective July 21, 1946. The undercharge due to the

unknown increased freight rate of the Coulterville ship-
ments was later brought to the attention of the railroad.
The railroad, bound by law to collect the undercharge
by the regulations of the Interstate Commerce Commis-
sion, then issued the undercharge bills to the claimant
early in 1948. The freight undercharges were paid by
the claimant in the total amount of $138.36.

The arrangement between respondent and claimant
was to adjust their contract to freight rates existing at
time of shipment. This is substantiated by the change
of freight rates upon the necessity of obtaining the coal
in question from Coulterville instead of Pana, Illinois.
Claimant contends, and respondent does not deny, that
freight rates provided for in contracts, as in the case
at hand, are quoted as a matter of information; that such
prevailing practice is customary because of the uncer-
tainty of quoting exact freight rates months ahead; that
at no time, in the previous experience of claimant had
the State ever refused, or failed, to amend a similar con-
tract because of increase of freight rates for supplies
furnished; that, however, the present undercharges have
not been paid by respondent because they were unknown
until after the applicable two year appropriation period
had expired.

From the record, we are of the opinion that the
contract in question contemplated payment for coal de-
livered thereunder at certain stated prices plus the
amount of the applicable freight rate as it might be
amended from time to time by the Interstate Commerce
Commission. There is no question that the claim is a
just one, and the material facts are admitted. The sole
reason for non-payment is that the undercharges were
incurred in a previous biennium appropriation.

This Court has repeatedly held that an award should

be made where claimant has rendered service or delivered materials to the State in accordance with an authorized contract, has submitted a statement of costs and charges to the State within a reasonable time and was denied payment because of the lapse of the appropriation from which it was payable, provided there remained sufficient unexpended funds in the appropriation to pay the charge at the time it was made. *Moline Consumers Co.* v. *State,* 15 C.C.R. 100; *Illinois Bell Telephone Co.* v. *State,* 15 C.C.R. 115; *Johnson* v. *State,* 16 C.C.R. 96, and *Shell Oil Co., Inc.,* v. *State,* 16 C.C.R. 257.

An award is therefore entered in favor of claimant, Southern Coal Co., Inc., for the sum of $138.36.